MICHELLE UZETA (SBN 164402)
muzeta@hrc-la.org
DANNY Y. YOO (SBN 251574)
SARA P. KUNKEL (SBN 260240)
520 S. Virgil Ave., Suite 400
Los Angeles, CA 90020
TEL: (213) 387-8400 ext. 33
FAX: (213) 381-8555

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA SALVI, an individual; and SOUTHERN CALIFORNIA HOUSING RIGHTS CENTER, INC., dba HOUSING RIGHTS CENTER, INC., a California nonprofit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>GINA CRESPEL, as an individual and as Trustee of the CRESPEL FAMILY TRUST; and ERIC A. CRESPEL, as an individual and as Trustee of the CRESPEL FAMILY TRUST<br><br>Defendants. | CASE NO. CV09-04011 SJO (RCx)<br><br>[Hon. Rosalyn M. Chapman]<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER - MEDICAL AND PSYCHIATRIC RECORDS<br><br>*NOTE CHANGES MADE BY THE COURT.* |

By agreement of the parties hereto pursuant to the Joint Stipulation filed concurrently herewith, and for good cause shown, it is hereby ORDERED:

1. That the parties recognize that discovery in this matter may call for the production of material containing information which a party contends is confidential medical information in which it has a protected privacy interest.

[PROPOSED] STIPULATED PROTECTIVE ORDER
- 1 -

2. In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, adequately protect material containing information which a party contends is to be kept confidential and serve the speedy ends of justice, a protective order for such information is prudent and necessary.

3. When used in this order, the term "Confidential Information" means any and all information regarding or relating to the physical, mental, or emotional condition or ability of Plaintiff Delia Salvi no matter from whom it is obtained or by whom it is obtained. When used in this order the term "Confidential Material" means all written, recorded, or graphic matter, however produced, reproduced, or maintained, including all information kept in electronic, magnetic, or photographic form, and all other tangible items which a party contends disclose confidential information, including all non-identical copies and drafts.

4. A party shall designate a document or other written information as Confidential Material by stamping each page of the document, or the portions of the document which are believed to warrant confidential protection with the following legend:

**"CONFIDENTIAL"**

Recordings, photographs, and other tangible items warranting confidential protection shall be similarly marked.

5. Counsel for a party may designate any deposition transcript or portion of any deposition transcript as Confidential by so stating on the record or by giving notice in writing to the other parties within 30 days of receipt of the deposition transcript, prior to which time the entire deposition transcript shall be treated by the parties as Confidential. In either of the foregoing instances, the stenographer shall be instructed to place the word "CONFIDENTIAL" on the first page and portions of the original and all copies of the transcripts containing any Confidential Information. In addition, unless otherwise arranged in advance by the parties, attendance at any deposition shall be limited to those persons entitled to receive Confidential Materials pursuant to this Order.

6. When used in this Order, the term "Covered Persons" includes only the following: (1) the named plaintiffs, defendants, cross-complainants and cross defendants in this litigation; (2) the named counsel for all parties in the litigation, including members of counsel's legal or support staff (e.g. associates within counsel's firm, in-house investigators, secretaries, legal assistants, paralegals and law clerks), to the extent reasonably necessary for such persons to render assistance in this litigation; (3) ~~and (5)~~ experts retained or consulted by counsel for any party to assist in the preparation, prosecution, or evaluation of this litigation including copy service personnel, insurance carriers and adjusters; and (4) the Court and its personnel.

7. Absent a further order of the Court, those documents marked as Confidential Materials, as described in paragraph 4, shall not be used for any purpose other than the prosecution or defense of this captioned action, and shall not be shown, disseminated or disclosed in any manner to anyone other than Covered Persons without the prior written agreement of a party or order of the Court after due notice to the party. Any person receiving Confidential Materials in the course of this litigation will use reasonable care to safeguard and preserve the confidential character of such information and prevent it from being communicated.

8. Before disclosing any confidential information to an expert, ~~pursuant to the above paragraph,~~ counsel shall first obtain from such person a signed "Written Assurance" in the form attached hereto as "Exhibit A." Counsel shall maintain a list of all such recipients of confidential information to whom this paragraph applies and the original of all Written Assurance non-disclosure agreements required pursuant to this paragraph. Counsel shall provide copies of each Written Assurances to the counsel for Plaintiff within two (2) working days of its execution and prior to the disclosure of the confidential information. Counsel for Defendants shall not be required to disclose the actual identity of any expert they retain or consult with until it is determined that such expert will be a witness at trial. All consulting experts shall be required to execute the

1  Written Assurance and counsel for Defendants shall forward the same to counsel for
2  Plaintiff, along with all materials provides, at the conclusion of the litigation.

3      9.  In the event a party to this litigation seeks to file or lodge Confidential Material
4  with the Court for any purpose, the party, prior to filing or lodging such documents,
5  first notify all parties in writing of such intent. This notice shall identify each document
6  or other tangible item the party intends to file or intends to lodge with the Court.  The
7  designating party shall then have ten (10) days from the mailing of the notice to file or
8  lodge Confidential Material to serve a Notice of Intent to Seal.  The designating party
9  shall then have fifteen (15) days from the mailing of the Notice of Intent to Seal to file
10 and serve a motion or an application for an order to have the records sealed pursuant to
11 Local Rule of Court 79-5.1.  If the designating party serves a Notice of Intent to Seal,
12 and thereafter files such a motion or application to have the Confidential Material filed
13 under seal, and during the pendency of such motion, the receiving party shall refrain
14 from filing or lodging such materials with the Court until the Court rules on the
15 designating party's motion or application.

16     10. A deponent may, during his or her deposition, be shown, and examined about
17 material a party contends is Confidential Material or Confidential Information, ~~if the~~
18 ~~deponent agrees to comply with the provisions of this Protective Order~~.  If any material
19 a party contends is Confidential Material is sought or referred to in the course of a
20 deposition, that portion of the deposition shall be treated as Confidential Material.

21     11. If any party objects to the designation of any record as Confidential Material,
22 that party shall first notify all other parties in writing within 30 days of receipt of the
23 Confidential Material, specifying the factual and legal basis for the objection.  Any
24 motion challenging the designation of Confidential Material must be made no later
25 than sixty (60) days following the receipt of Confidential Material, *after compliance with Local Rule 37.*
26     12. Information and documents subject to this Order and any duplicates thereof
27 may not be used for any purpose other than the prosecution or defense of this lawsuit.
28

13. This Order shall not limit the right of the parties to apply for further protective orders or modification or extension of this Order, and shall not restrict the use by the parties of its own information.

14. Within thirty (30) days of the final termination of this litigation (the earlier of execution of settlement agreement or entry of judgment), counsel shall return to counsel of record for a designating party all Confidential Material, including all copies of Confidential Material, produced pursuant to the Protective Order.  Counsel for the parties shall also contact all persons who have executed Written Assurances and direct the return of all confidential documents, including all copies of confidential documents to counsel of record for a designating party.  Accompanying the return of all confidential documents, counsel for all parties shall provide to counsel of record for a designating party executed Certifications in the form attached hereto as Exhibit B (executed by counsel) and Exhibit C (executed by each expert and anyone else who had access to such Confidential Material).

15. A document, recording, photograph, or other tangible item warranting confidential protection that contains Confidential Information as identified in this stipulated protective order shall not lose its confidential status solely because it was inadvertently not marked by the parties as Confidential.

16. The inadvertent, unintentional, or in camera production of any confidential information shall not, under any circumstances, be deemed a waiver, in whole or in part, of the confidentiality of the confidential information in question.  If a party should inadvertently produce any confidential information not responsive to a formal request for production and/or an order of the Court, the recipient shall immediately return the confidential information, including all copies thereof, and shall make no use of the confidential information for any purpose.

17. In the event that any Confidential Material is used in any court proceeding in this action, ~~it shall not lose its confidential status through such use, and~~ the party using such shall take all reasonable steps to maintain its confidentiality during such use.

18. This Order shall be binding upon all ~~persons who receive actual notice of its contents.~~ The parties to this litigation, their attorneys, and the employees, consultants and other persons employed or retained by the parties or their attorneys, ~~submit to the jurisdiction of this Court for the purposes of enforcing this order.~~

19. The parties shall comply with Local Rule 79-5.

**IT IS SO ORDERED,** as amended at paras. 6, 8, 10, 11, 17 + 18.

DATED: 10-6-2009

HON. ROSALYN M. CHAPMAN

# EXHIBIT A

## EXHIBIT A

## WRITTEN ASSURANCE

I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order agreed to by the parties in <u>DELIA SALVL et al. v. GINA CRESPEL, et al.</u>, CASE NO. CV09-04011 SJO (RCx), on_____. I understand the terms of the Order and under oath consent to be bound by the terms of the Order as a condition of being provided access to the Confidential Materials furnished by_____.

Further, by executing this Written Assurance, I hereby consent to the jurisdiction of the above-captioned court for the special and limited purpose of enforcing the terms of the Protective Order.

I recognize that all civil remedies for breach of this Written Assurance are specifically reserved by _____ and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Written Assurance, I recognize that_____may pursue all civil remedies available to it as a third party beneficiary of this Written Assurance.

DATED:_____

_____
Signature

_____
Print Name

_____
Address

_____
City, State, Zip

_____
Telephone

8

**[PROPOSED]STIPULATED PROTECTIVE ORDER**

# EXHIBIT B

**EXHIBIT B**

**Attorney's Certification of Confidential Document Return**

1. My name is _____. I am counsel of record for _____ in the case <u>DELIA SALVI, et al. v. GINA CRESPEL et al.</u>, CASE NO. CV09-04011 SJO (RCx) (the "Lawsuit").

2. Pursuant to the requirements set forth in the Protective Order of Confidentiality, both I and my co-counsel for _____ have fulfilled each of our obligations imposed thereby, specifically:

    A. We have returned to counsel of record for _____, all items produced by _____ subject to the Protective Order of Confidentiality in the Lawsuit and all confidential portions of deposition transcripts taken in the Lawsuit, and all copies, notes, summaries, indices, renderings, photographs, recordings and reproductions of any kind thereof of same (collectively referred to herein as "Confidential Material"), as required by the Protective Order of Confidentiality.

    B. As part of our return of Confidential Material, we have gathered from each person to whom we have given access all copies of Confidential Material in such person's possession. Each such person has executed his own certification attesting that (1) all copies of Confidential Material have been returned to us, and that (2) the person in question did not make Confidential Material available to any other person or entity. Those certifications are attached hereto.

///

9

**[PROPOSED]STIPULATED PROTECTIVE ORDER**

C. We have not made any Confidential Material, any copies thereof, or any document that reflects or contains Confidential Material, available to any other person or entity.

3. We understand that we have a continuing obligation under the Protective Order of Confidentiality to locate and immediately return any Confidential Material or copies thereof that were produced to us by _____ in this lawsuit.

4. We understand that any breach of our obligations under the Protective Order of Confidentiality will subject us to all common law and statutory remedies, as well as civil sanctions levied by this Court.

Date: _____   Signature: _____

# EXHIBIT C

**EXHIBIT C**

**Expert's/Authorized Person's Certification of Confidential Document Return**

1. My name is _____. I work at _____.

2. I have received access to materials (including documents and confidential depositions) protected by the Protective Order of Confidentiality ("Confidential Material") entered in the case <u>DELIA SALVL et al. v. GINA CRESPEL, et al.</u>, CASE NO. CV09-04011 SJO (RCx) (the "Lawsuit").

3. Pursuant to Plaintiffs counsel's request, I have returned all Confidential Material and all copies, notes, summaries, indices, renderings, photographs, recordings and reproductions of any kind thereof of same to _____.

4. I have not made any Confidential Material, any copies thereof, or any document that reflects or contains Confidential Material, available to any other person or entity.

5. I understand that I have a continuing obligation under the Protective Order of Confidentiality to locate and immediately return any Confidential Material or copies thereof that were produced by _____ in this Lawsuit.

6. I understand that any breach of our obligations under the Protective Order of Confidentiality will subject me to all common law and statutory remedies, as well as civil sanctions levied this Court.

Dated: _____   Signature: _____

11

**[PROPOSED]STIPULATED PROTECTIVE ORDER**